# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN PUBLIC HEALTH ASSOCIATION, et al.,

    Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,

    Respondents,

JOHN WORTHINGTON, Intervenor Applicant,

    Respondent.

Case No. 26-1037, 26-1038, 26-1039, 26-1043.

PROPOSED INTERVENOR JOHN WORTHINGTON'S MOTION FOR LEAVE TO LODGE MOTION FOR SUMMARY DISPOSITION (IN SUPPORT OF RESPONDENT)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAR 1 3 2026

RECEIVED

Pursuant to D.C. Circuit Rule 27(g) and Federal Rule of Appellate Procedure 27, Movant John Worthington ("Movant"), proposed intervenor-respondent, respectfully moves for summary disposition in favor of Respondents. The merits of EPA's February 18, 2026, final rule (91 Fed. Reg. 7686) rescinding the 2009 Greenhouse Gas Endangerment Finding (74 Fed. Reg. 66496) and repealing related motor vehicle GHG standards are

1

clear beyond doubt as a matter of law. Expedited affirmance is justified, as the 2009 Finding suffered fatal legal and factual defects that the rescission lawfully corrects.

## I. STATEMENT OF PARTIES' POSITIONS

Pursuant to D.C. Circuit Rule 27(a)(1)(C), Movant contacted counsel for all parties via email on March 6, 2026, to ascertain positions on this motion. Respondents (EPA) oppose intervention but consent to Movant filing as amicus curiae. Petitioners requested until March 9, 2026, to respond but have opposed summary disposition prior to production of the complete administrative record and full merits adjudication, consistent with Clean Air Act (CAA) § 307(b) and (d) (42 U.S.C. § 7607(b), (d)).

## II. ARGUMENT

Summary disposition is appropriate where the outcome is clear beyond doubt on legal grounds or indisputable facts (D.C. Circuit practice). Here, the 2009 Finding was legally infirm (statutory overreach) and factually deficient (ignoring transboundary realities), resolvable without exhaustive record review.

### A. Response to Petitioners' Procedural Objection.

Petitioners oppose summary disposition pending the full administrative record and full merits adjudication under CAA § 307(b)/(d).

2

This position is standard but inapplicable where defects are clear on the face of the rule, statutory text, and prior precedents, or filled by judicial notice of indisputable facts.

If the administrative record contained "all the answers" to the 2009 Finding's deficiencies — including regulatory asymmetry from excluding international maritime emissions, failure to address transboundary transport into U.S. coastal airsheds (e.g., via the Pacific Transport Highway and mid-latitude jet stream into the Strait of Juan de Fuca), or perverse offshoring incentives — judicial notice would be unnecessary. The record confirms key omissions (e.g., no analysis of international shipping exclusion from national totals, per Exhibit B, EPA Inventory Footnotes). Judicial notice under Fed. R. Evid. 201 supplies indisputable extrinsic facts (official reports, meteorological data) that the D.C. Circuit routinely accepts in CAA reviews for public records and natural phenomena. Full merits adjudication would delay affirmance of a rescission correcting prior overreach, contrary to efficiency when legal issues predominate.

**B. The 2009 Finding's Legal and Factual Infirmities.**

1. **Statutory NEPA Exemption Bars Remand Demands.**

(15 U.S.C. § 793(c)(1)). CAA actions are exempt from NEPA; no action is a "major Federal action" requiring an EIS (15 U.S.C. § 793(c)(1)). Remand

demands based on NEPA are barred (Exhibit B, EPA Inventory Footnotes confirming exclusion of international bunker fuels).

2. **Regulatory Asymmetry and Concrete Injury.**

The 2009 Finding regulated domestic sources while excluding international maritime emissions transported into U.S. airsheds. As a Sequim, WA resident near the Strait of Juan de Fuca (international shipping corridor), Movant suffers concrete injuries from transboundary PM2.5, NOx, and SOx via prevailing winds/jet stream — harms unaddressed by the Finding (Exhibit A, Declaration). This asymmetry incentivized offshoring, increasing unregulated emissions burdening domestic industry and coastal health (Exhibits C & D, UNCTAD/IEA/Statista data).

3. **Unaccounted-for International Growth.**

Domestic tightening excluded international shipping emissions (impacting U.S. via winds) from national totals, facilitating global trade at U.S. expense (Exhibits C & D).

4. **International Contractual Obligations.**

Federally funded agreements shifted policy toward global interests, interfering with domestic clean air and stability (Exhibit E, ICLEI/international documents).

5. **Narrowed Scope of Indirect Effects.**

Agencies need not analyze indirect effects (e.g., offshoring) outside jurisdiction (*Seven County Infrastructure Coalition v. Eagle County*, 605 U.S. 168 (2025)).

6. **Transboundary Transport Evidence.**

Jet stream/prevailing wind data confirm unregulated emissions funnel into the Strait of Juan de Fuca (Exhibit F, NASA/NOAA maps). The Finding's localized models ignored this, showing scientific deficiency.

## III. CONCLUSION

The Court should grant summary disposition in favor of Respondents, affirming the rescission as a lawful correction of the 2009 Finding's infirmities.

Respectfully submitted, this 10TH day of March 2026.

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 655 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

3. Executed this 10TH day of March 2026.

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I served the foregoing Motion for Summary Disposition, Motion for Judicial Notice, Declaration of John Worthington, and Exhibits A through F upon the following parties by email and by depositing true and correct copies in the United States Mail, First Class postage prepaid, addressed as follows:

**Counsel for Respondent EPA:**
General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave NW, Mail Code 2310A
Washington, DC 20460

**Counsel for Petitioners APHA:**
Chloe H. Kolman
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001

sue.chen@usdoj.gov

riley.walters@usdoj.gov

chloe@donahuegoldberg.com;

megan@donahuegoldberg.com;

rheron@nrdc.org;

sean@donahuegoldberg.com;

avijayan@nrdc.org;

keri@donahuegoldberg.com;

ddoniger@nrdc.org;

vpatton@edf.org;

dpettit@biologicaldiversity.org;

josh.berman@sierraclub.org;

pardeelaw@gmail.com;

usadc.servicecivil@usdoj.gov

vsaltzman@catf.us;

pzalzal@edf.org;

ahenderson@edf.org;

sjones@edf.org;

ryli@edf.org;

jcrowley@clf.org;

hvizcarra@earthjustice.org;

mcbrown@earthjustice.org;

arosenbaum@citizen.org;

blynk@elpc.org;

andres.restrepo@sierraclub.org;

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10TH , 2026, at Sequim, Washington.

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382